

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-77,035

### JUAN CARLOS ALVAREZ, Appellant

v.

### THE STATE OF TEXAS

### ON DIRECT APPEAL FROM THE TRIAL COURT'S RULING ON A MOTION FILED IN CAUSE NO. 787007 IN THE 338TH DISTRICT COURT HARRIS COUNTY

*Per curiam.*

### OPINION

This is an attempted direct appeal of the trial court's ruling on a motion filed in the 338th District Court of Harris County, Cause No. 787007, styled Ex parte Juan Carlos Alvarez.

Appellant was convicted of capital murder and sentenced to death in 1999. This Court affirmed the conviction and sentence on direct appeal. *Alvarez v. State*, No. 73,648 (Tex. Crim. App. Oct. 30, 2002) (not designated for publication). Relief was denied on appellant's

Alvarez – 2

initial post-conviction application for writ of habeas corpus. *See Ex parte Alvarez,* WR-62,426-01 (Tex. Crim. App. Sept. 24, 2008) (not designated for publication). His subsequent post-conviction application was dismissed as an abuse of the writ. *See Ex parte Alvarez,* WR-62,426-02 (Tex. Crim. App. Sept. 15, 2010) (not designated for publication).

While appellant's federal habeas petition was pending, appellant moved the federal district court to stay the proceedings so that he could present an unexhausted claim in state court. *Alvarez v. Thaler,* No. 4:09-CV-3040 (S.D. Tex. June 6, 2013) (not designated for publication). The federal district court granted the motion. *Id.*

On January 27, 2014, appellant filed a "Motion for Leave to File Under Seal, and to Litigate *Ex parte,* a Motion for Pre-Application Funds for Investigation and Experts." In the motion, appellant asserted that his initial state habeas counsel had been incompetent to represent him because counsel suffered from Parkinson's disease, a debilitating illness which later prompted counsel's withdrawal from the case. The trial court denied appellant's motion, stating that the trial court was without authority to permit appellant to seek expert or investigative funds in an *ex parte* hearing before this Court authorized the filing of a subsequent writ. Appellant filed a notice of appeal from the trial court's order.

Appellant's appeal is not permitted. Appellant does not cite, nor have we found, any constitutional or statutory provision or any rule that would authorize this appeal from the trial court's order. *See Staley v. State,* 233 S.W.3d 337, 338 (Tex. Crim. App. 2007). Appellant's appeal is dismissed.

Alvarez – 3

Do not publish
Delivered: May 7, 2014